USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY MCGEE,

                Plaintiff,

-against-

CORRECTION OFFICER MCGREADY, et al.,

                Defendants.

16-CV-4187 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Tony McGee ("Plaintiff"), an incarcerated pro se inmate at Sing Sing Correctional Facility, brings this action pursuant 42 U.S.C. § 1983 against Inmate Grievance Supervisor Anthony Black ("Black"), former Corrections Counselor Mary Jackson ("Jackson"), Sergeant Murray or Murphy ("Sgt. Murray"), Sergeant Poole ("Sgt. Poole") and several other corrections officers.[1] Before this court is Defendant Black and Jackson's motion to dismiss the amended complaint as against them based on failure to plead a plausible claim, failure to exhaust administrative remedies, and qualified immunity. For the foregoing reasons, the motion is GRANTED.

**FACTUAL BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint and are deemed true for the purpose of this motion.

Plaintiff alleges that on or about July 22, 2013, while in the mess hall he was assaulted by a fellow "gang related Hispanic inmate" who made a derogatory or offensive statement. In response to the statement, Plaintiff punched the inmate in the face resulting in an altercation.

---

[1] The operative complaint is the Amended Complaint filed February 2, 2017. (ECF No. 22.)

Copies mailed/faxed 4/30/2018
Chambers of Nelson S. Román, U.S.D.J.

During the fight, Plaintiff was repeatedly punched about the face causing several lacerations. Plaintiff alleges that a "Black Correction Officer"[2] was present in the mess hall, observed the incident, and failed to prevent it and/or failed to intervene.

On or about July 11, 2013, approximately eleven days prior to the altercation, Plaintiff spoke to Jackson and requested that he be placed in protective custody because he was threatened and being targeted by "gang-related Hispanic inmates." Jackson purportedly prepared a request for "voluntary protective custody," and informed Plaintiff he would be contacted sometime later. Later that day, Plaintiff was interviewed by Sgt. Murray concerning his request for protective custody. Plaintiff purportedly informed Sgt. Murray of the threats and being targeted. Plaintiff was once again informed he would be contacted sometime later. Plaintiff's request was not granted. Plaintiff suggests had he been placed in protective custody, as requested, he would not have been assaulted and injured. Additionally, Plaintiff asserts that Defendant Black failed to process multiple sick-call grievances by failing to forward them to Central Office Review Committee ("CORC"). Plaintiff asserts claims under the Eight and Fourteenth Amendments.

## STANDARD OF REVIEW

### Rule 12(b)(6)

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The

---

[2] In his complaint, Plaintiff appears to identify the "Black Correction Officer" as C.O. Javier Caban.

2

critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a pro se Plaintiff is concerned, Courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court must therefore interpret the pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a pro se plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level" (*Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010)), and the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

**Exhaustion**

The Prison Litigation Reform Act ("PLRA") precludes the filing of an action "with respect to prison conditions under [42 US.C. § 1983] . . . by a prisoner confined in any jail, prison or other correction facility until such administrative remedies as are available are exhausted." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotations omitted). Whether an inmate has exhausted all administrative remedies turns on a review of "the state prison procedures [available] and the prisoner's grievance. . . ." See *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) citing *Jones v. Bock*, 549 U.S. 199, 218 (2007). Grievances at DOCCS are governed by the Inmate Grievance Program ("IGP"), which is based on a three-tiered system. *Id.* at 125. To adjudicate an inmate complaint: "(1) the prisoner files a grievance with the Inmate

3

Grievance Resolution Committee ("IGRC"), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the CORC. *Id.*; see also N.Y. Comp. Codes. R. & Regs., tit. 7, § 701.7 (1999).

Notably, exhaustion is an affirmative defense, not a pleading requirement; thus, inmate plaintiffs need not "specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Instead, Defendants must demonstrate lack of exhaustion. *Colon v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 15-CV-7432(NSR), 2017 WL 4157372, at *5 (S.D.N.Y. Sept. 15, 2017) citing *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009).

Dismissal on a 12(b)(6) motion for failure to exhaust is permissible where "it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122; see also *Parris v. N.Y.S. Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 261 (S.D.N.Y. 2013) (citing *Johnson v. Westchester Cnty. Dep't of Corr. Med. Dep't*, No. 10-CV-6309, 2011 WL 2946168, at *2 (S.D.N.Y. July 19, 2011) for proposition that denial of motion was appropriate where complaint was ambiguous as to exhaustion). Further, on such a motion, where a court is confined to the four corners of the complaint, the documents attached thereto, and things of which it is entitled to take judicial notice (see, e.g., *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011)), a court is only permitted to consider outside documents related to exhaustion and submitted by defendants under limited circumstances. See, *Smith v. Miller*, No. 15-CV-9561 (NSR), 2017 WL 4838322, at *5 (S.D.N.Y. Oct. 23, 2017) (noting courts can take judicial notice of administrative records in Section 1983 cases in limited circumstances). Those include instances where "the complaint a) was the standard pro se form complaint that has a check-box regarding exhaustion, b) contained

allegations clearly stating that the inmate had exhausted his administrative remedies, or c) clearly pointed to the fact that the inmate had, in fact, not exhausted." *Colon*, 2017 WL 4157372, at *5.

**Qualified Immunity**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818-19. It is within the Court's discretion to determine the order in which the two prongs are analyzed. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

DISCUSSION

Plaintiff asserts §1983 claims under the Eighth Amendment against Defendants Black and Johnson. The essence of Plaintiff's claim is a failure to protect. Plaintiff's complaint suggest that Defendants' failure in processing or approving his request for voluntary confinement resulted in his subsequent assault. Or, construing the allegations liberally as the Court is required to do, but for Defendants' failure in placing him in voluntary protective custody, Plaintiff would not have been attacked and injured by a fellow inmate.

Plaintiff's 1983 complaint is that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the States by the Fourteenth. See *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) citing *Robinson v. California*, 370 U.S. 660 (1962). "To prevail on an Eighth Amendment claim, an inmate must first show that his injury is objectively a 'sufficiently serious' one." *Brims v. Burdi*, No. 03-CV-3159 (WHP), 2014 WL 1403281, at *2

(S.D.N.Y. June 23, 2004) quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Additionally, a plaintiff must "show that the defendant had knowledge of [the] prisoner's problem and was deliberately indifferent to [the] prisoner's plight." *Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993) citing *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989).

Deliberate indifference requires a showing that the conditions of incarceration posed a substantial risk of serious harm, and that prison officials possessed sufficient culpable intent. *Hayes v. New York City Dep't Of Corr.*, 84 F.3d 614, 620 (2d Cir.1996) citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The deliberate indifference requires a two prongs analysis: substantial risk of serious harm, objective prong; and sufficient culpable intent, subjective prong. *Farmer*, 511 U.S. at 834; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996). Here, the objective prong is meet and not disputed.

Subjectively, the prison official acts with the requisite sufficient culpable state of mind when he (or she) "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620. Courts have denied deliberate indifference claims based upon surprise attacks. See *Fernandez v. N.Y.C. Dep't of Corr.*, No. 08-CV-4294 (KMW), 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010); *Zimmerman v. Macomber*, No. 95-CV-0882(DAB), 2001 WL 946383 (S.D.N.Y. Aug. 21, 2001). Plaintiff alleges he provided advance notice to Jackson and Black of threats and a possible attack. Plaintiff's allegation also suggest he identified the attacker(s), "gang related Hispanic inmates" at the facility. Plaintiff's allegations suggest that Black and Jackson failed to take reasonable measures to abate the impending attack. Thus, Plaintiff has pled a plausible Eighth Amendment claim.

Plaintiff's Eighth Amendment claim, however, fails for failure to exhaust his administrative remedies. This case involves the use of the pro se form complaint which contains the equivalent of a check-box exhaustion section. The amended complaint is clear as to whether Plaintiff alleges he grieved his claims. Plaintiff explicitly states he filed grievances concerning, *inter alia*, the "5 sick call request," the "non-protection grievances" and the "foreseeable assault." (See Amended Compl., Sect. IV., E (1).) Because the exhaustion issue is an integral part of the prisoner's claims, the Court may refer to materials outside of the complaint on a 12(b)(6) motion in determining whether a plaintiff has exhausted. See *Smart v. Goode*, No. 04-CV-8850 (RWS), 2008 WL 591230, at *2 (S.D.N.Y. Mar. 3, 2008) (recognizing that the Court's previous opinion "[did] not faithfully capture the subtlety of exhaustion doctrine in the Second Circuit" and that the Court should have addressed non-exhaustion as an affirmative defense).

In support of their motion, Defendants submit a declaration from Karen Bellamy ("Bellamy"), the Director of the Inmate Grievance Program ("IGP"). Bellamy avers that she is the custodian of records maintained by the CORC, which is tasked with rendering administrative decisions on grievances filed by inmates. Based upon her review of the records, she found that Plaintiff made other complaints concerning meals, conditions of the facility, and "problems with security staff" on December 17, 2013. Plaintiff, however, did not file a grievance concerning the July 22nd incident nor his request for voluntary confinement. Though Plaintiff attempts to rebut Defendants' showing, mere conclusory statements in opposition is insufficient. Accordingly, Plaintiff's Eighth Amendment claims must be dismissed.

Plaintiff also asserts a claim based on Defendant Black's failure to process his grievances, including his "5 sick call grievances." It is well settled that in order to succeed on a § 1983 claim, Plaintiff must show that he has been deprived of a constitutional or other federal right. 42

U.S.C. § 1983. Inmate grievances procedures are undertaken voluntarily by the states and are not constitutionally required. *Johnson v. New York City Dep't of Health*, No. 06-CV-13699 (BSJ)(FM), 2008 WL 5378124, at *3 (S.D.N.Y. Dec. 22, 2008) (internal citation omitted). Accordingly, a failure to process a prisoner's grievance(s) does not in itself give rise to a constitutional claim. *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008) (internal citations omitted). This claim must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED in part and DENIED in part. Plaintiff's Eighth Amendment and claims premised on the failure to process his grievances are dismissed. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 29. The parties are directed to confer, complete and submit to the Court a completed case management plan (blank form attached) within thirty (30) days of the date of this opinion.

SO ORDERED.

Dated: April 30, 2018
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

8

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  

Rev. Jan. 2012

------------------------------------------------------------x

                         Plaintiff(s),

**CIVIL CASE DISCOVERY PLAN  
AND SCHEDULING ORDER**

- against -

                         Defendant(s).     _____ CV _____ (NSR)

------------------------------------------------------------x

         This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

     a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

     b. Depositions shall proceed concurrently.

     c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge