UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY MCGEE,<br><br>      Plaintiff,<br><br>-against-<br><br>CORRECTION OFFICER MCGREADY, et al.,<br><br>      Defendants. | 16-CV-4187 (NSR)<br><br>OPINION & ORDER |

NELSON S. ROMÁN, United States District Judge:

 *Pro se* Plaintiff, Tony McGee ("Plaintiff"), formerly incarcerated at Sing Sing Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 against Inmate Grievance Supervisor Anthony Black ("Black"), former Corrections Counselor Mary Jackson ("Jackson"), and several other corrections officers, including Corrections Officer Javier Caban ("Caban").

 In an Order dated September 21, 2016, the Court dismissed Defendants Correction Officer McGready and Correction Officer Ross based on Plaintiff's failure to state a claim against these defendants. (ECF No. 6.) In an Opinion and Order, dated April 30, 2018 ("April 30, 2018 Order"), the Court granted Defendants' motion to dismiss all claims asserted against Defendants Mary Jackson ("Jackson") and Anthony Black ("Black"). (ECF No. 47.) On November 21, 2019, the Court dismissed all claims against Defendants Sergeant Poole and Sergeant Murray or Murphy pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 70.) Before this court is an unopposed motion to dismiss the amended complaint as against the remaining defendant, Defendant Caban, based on failure to exhaust administrative remedies. (ECF No. 64.) For the foregoing reasons, Defendant Caban's motion is GRANTED.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/2019

# FACTUAL BACKGROUND

The following facts summarize the allegations most salient to Defendant Caban,[1] are taken from Plaintiff's Amended Complaint and are deemed true for the purpose of this motion.[2]

Plaintiff alleges that on or about July 22, 2013, while in the mess hall of the Sing Sing Correctional Facility, he was assaulted by a fellow "gang-related Hispanic inmate" who made a derogatory or offensive statement (the "July 22, 2013 Incident"). (AC at 9.) In response to the statement, Plaintiff punched the inmate in the face, which resulted in an altercation. During the fight, Plaintiff was repeatedly punched about the face, causing several lacerations. Plaintiff alleges that Defendant Caban was present in the mess hall, observed the incident, and failed to prevent it and/or failed to intervene.[3] Specifically, Plaintiff alleges that Defendant Caban said "don't stop the fight," and "let's wait until [Plaintiff] gets his ass kicked." (*Id.*) The altercation continued, and Plaintiff sustained cuts to his mouth, a swollen lip, and contusions around his face. (*Id.*) Plaintiff asserts claims against Defendant Caban under the Eight Amendment.

# STANDARD OF REVIEW

**Rule 12(b)(6)**

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity

---

[1] The Court presumes the parties' general familiarity with the facts alleged in this matter, as set forth in the April 30, 2018 Order dismissing certain of Plaintiff's claims. *See McGee v. McGready*, No. 16-CV-4187 (NSR), 2018 WL 2045094, at *1 (S.D.N.Y. Apr. 30, 2018).

[2] The operative complaint is the Amended Complaint filed February 2, 2017. ("AC", ECF No. 22.)

[3] In his complaint, Plaintiff appears to identify the "Black Correction Officer" as Defendant Caban. (*See* AC at 8–9.) Furthermore, on May 23, 2018, Plaintiff clarified via correspondence to the Court that the "Mess Hall Officer" referenced in the Amended Complaint is also Defendant Caban. (ECF No. 53.)

and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The critical inquiry is whether the plaintiff has pleaded sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* Plaintiff is concerned, Courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court must therefore interpret the pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

**Exhaustion**

The Prison Litigation Reform Act ("PLRA") precludes the filing of an action "with respect to prison conditions under [42 US.C. § 1983] . . . by a prisoner confined in any jail, prison or other correction facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). Whether an inmate has exhausted all administrative remedies turns on a review of "the state prison procedures [available] and the prisoner's grievance. . . ." *See Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Grievances at the New York State Department of Corrections and Community Supervision ("DOCCS") are governed by the Inmate Grievance Program ("IGP"), which is based on a three-tiered system. *Id.* at 125. To adjudicate an inmate complaint: "(1) the prisoner files a grievance with the Inmate

3

Grievance Resolution Committee ("IGRC"), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ("CORC"). *Id.*; *see also* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Notably, exhaustion is an affirmative defense, not a pleading requirement; thus, inmate plaintiffs need not "specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Instead, Defendants must demonstrate lack of exhaustion. *Colon v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 15-CV-7432(NSR), 2017 WL 4157372, at *5 (S.D.N.Y. Sept. 15, 2017) (citing *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009)).

Dismissal on a 12(b)(6) motion for failure to exhaust is permissible where "it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122; *see also Parris v. N.Y.S. Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 361 (S.D.N.Y. 2013). Further, on such a motion, where a court is confined to the four corners of the complaint, the documents attached thereto, and sources of which it is entitled to take judicial notice (*see, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)), a court is only permitted to consider outside documents related to exhaustion and submitted by defendants under limited circumstances. *See, e.g., Smith v. Miller*, No. 15-CV-9561 (NSR), 2017 WL 4838322, at *5 & n.5 (S.D.N.Y. Oct. 23, 2017) (noting courts can take judicial notice of administrative records in Section 1983 cases in limited circumstances and collecting cases). Those include instances where "the complaint a) was the standard *pro se* form complaint that has a check-box regarding exhaustion, b) contained allegations clearly stating that the inmate had exhausted his administrative remedies, or c) clearly pointed to the fact that the inmate had, in fact, not exhausted." *Colon*, 2017 WL 4157372, at *5.

**DISCUSSION**

Plaintiff asserts a §1983 claim under the Eighth Amendment against Defendant Caban. The essence of Plaintiff's claim is an allegation of failure to protect. Specifically, Plaintiff's complaint suggests that Defendant Caban's failure to intervene in the July 22, 2013 Incident resulted in Plaintiff's assault and injuries. Accordingly, Plaintiff contends that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the States by the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101–102 (1976) (citing *Robinson v. California*, 370 U.S. 660 (1962)).

The Court has previously found other of Plaintiff's Eighth Amendment claims to be unavailing in this case: Plaintiff made similar allegations against Defendants Jackson and Black relating to the July 22, 2013 Incident, however, the Court dismissed those claims in its April 30, 2018 Order. (ECF No. 47.) In those claims, Plaintiff had alleged that Defendants Jackson and Black failed to protect him, that he provided advance notice to Jackson and Black of threats and a possible attack, but that they failed to take reasonable measures to abate the impending attack. Nevertheless, the Court dismissed those claims due to Plaintiff's failure to exhaust his administrative remedies.

So too must the Court dismiss Plaintiff's Eighth Amendment claim against Defendant Caban. This case involves the use of the *pro se* form complaint, which contains the equivalent of a check-box exhaustion section. The amended complaint is clear as to whether Plaintiff alleges he grieved his claims. Plaintiff explicitly states he filed grievances concerning, *inter alia*, the "5 sick call request," the "non-protection grievances" and the "foreseeable assault." (*See* AC, Sect. IV., E (1).) Because the exhaustion issue is an integral part of the Plaintiff's claim, the Court may refer

to materials outside of the complaint on a 12(b)(6) motion in determining whether a plaintiff has exhausted. *See Colon*, 2017 WL 4157372, at *5.

After considering the amended complaint and other materials presented to the Court, and construing the allegations liberally as the Court is required to do, the Court previously found that Plaintiff "did not file a grievance concerning the July 22nd incident." (*See* Apr. 30, 2018 Order at 7). Therefore, the Court dismissed Plaintiff's Eighth Amendment claims relating to the July 22nd Incident for failure to exhaust. (*Id.* at 7–8.) In accordance with that finding, because Plaintiff has not sufficiently alleged exhaustion of administrative remedies and has abandoned this Eighth Amendment claim, such claim must also be dismissed.[4]

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. Plaintiff's Eighth Amendment claim is dismissed as to Defendant Caban, and therefore the case is dismissed in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 64 and terminate the action. The Clerk is further directed to serve a copy of this Order on Plaintiff at the address listed for Plaintiff on ECF and file proof of service on the docket.

SO ORDERED.

Dated:  November 26, 2019
White Plains, New York

NELSON S. ROMÁN
United States District Judge

---

[4] It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim. *See Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313 (S.D.N.Y. 2018) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim.") (quoting *Johnson v. City of New York*, 15-CV-8195, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017)); *see also Robinson v. Fischer*, No. 09 CIV. 8882 LAKAJP, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases).